IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ventura Garcia,<br><br>        Petitioner,<br><br>vs.<br><br>United States Attorney General,<br><br>        Respondent. | C/A No. 8:23-cv-3501-JFA-JDA<br><br>**ORDER** |

## I. INTRODUCTION

Petitioner Ventura Garcia ("Petitioner") proceeding *pro se* and *in forma pauperis* brings this action seeking a writ of mandamus under 28 U.S.C. § 1361. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a Magistrate Judge for review.

Petitioner commenced this action on July 14, 2023, by filing a Petition seeking mandamus relief. Petitioner seeks to compel the United States Attorney General to provide him with expedited removal proceedings pursuant to the First Step Act of 2018. After a review of the Petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") which opines the Petition should be summarily dismissed. (ECF No. 8). The Report sets forth, in detail, the relevant facts and standards of

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report which was entered on the docket on August 1, 2023. *Id.* Petitioner filed objections to the Report on August 28, 2023. (ECF No. 15). Thus, this matter is ripe for review.

## II.     FACTUAL BACKGROUND

On August 1, 2022, in an Indictment naming seven defendants, Petitioner was charged with being a member of a drug related conspiracy. *See United States v. Ventura Garcia*, CA No. 1:01-cr-52-7; see also (W.D.N.C. ECF No. 3). Specifically, Petitioner was named in count one of the Indictment for conspiring to violate 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 851. *Id.* The Indictment, filed in the Western District of North Carolina, alleged Petitioner conspired with the intent to possess and distribute cocaine and methamphetamine. *Id.* On November 16, 2001, a jury returned a verdict of guilty finding Petitioner guilty of count one of the Indictment. *See* (W.D.N.C. ECF No. 193).

On August 19, 2002, Petitioner was sentenced to a term of imprisonment of 360 months which was subsequently reduced to a term of 324 months. *See* (W.D.N.C. ECF No. 316). Additionally, the judgment against Petitioner states he is subject to deportation upon his release from imprisonment. *Id.*

Now, Petitioner brings the instant writ of mandamus asserting the FSA, 18 U.S.C. 3632(d), requires the Attorney General ("Respondent") to apply his earned time credits to his sentence to allow for his early release and deportation. (ECF No. 1).

### III. LEGAL STANDARD

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th

3

Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." Id. (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## IV.  DISCUSSION

The Report recommends dismissing Petitioner's writ of mandamus because it finds Petitioner has failed to demonstrate he has a clear and indisputable right to the relief sought or that Respondent has a clear duty to grant him such relief. *See* (ECF No. 8, p.4) citing *In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001) (setting forth the test a party must satisfy when seeking a writ of mandamus); *see also United States v. Helvering*, 301 U.S. 540, 543 (1937) (explaining the duty claimed to be owed by an officer or employee of the united States must be "plainly defined and peremptory" in order for mandamus to compel the performance of such duty).

Petitioner has objected to the Report's conclusions by arguing Congress has created an affirmative duty for Respondent to provide expedited removal proceedings for imprisoned aliens who have earned time credits. For support, Petitioner cites to the First Step Act ("FSA") as well as the Immigration and Nationality Act ("INA") (8 U.S.C. 1228(a)). However, neither of these statutes provide Petitioner with the relief sought in the instant writ of mandamus.

Under the FSA, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of good conduct credits, to a maximum of 365 days' worth, to be applied towards early supervised release, *See* 18

U.S.C. § 3632(d)(4). Under the statute, however, aliens who are "the subject of a final order of removal under any provision of the immigration laws" of the United States are "ineligible to apply time credits" towards early release. 18 U.S.C. § 3632(d)(4)(E)(i). Thus, Petitioner is foreclosed from seeking expedited removal proceedings under the FSA.

Additionally, the INA "actually prohibits deportation while [Petitioner] is incarcerated." *Murray v. Holder*, 2016 WL 1071004, at *2 (D. Md. Mar. 17, 2016), *aff'd sub nom.*, 656 Fed. Appx. 19 (4th Cir. 2016). "Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228(a)(3)(B).

The terms of the FSA and INA demonstrate the Report is correct that Petitioner does not have a clear and indisputable right to the relief he requests, and further, Respondent does not have a clear duty to do the specific act requested. *See Wright v. U.S. Dep't of Homeland Sec.*, 2009 WL 3711366, at *2 (D. Md. Nov. 2, 2009) ("Petitioner has no private right of action to compel his immediate removal or immediate consideration for removal prior to the completion of his term of incarceration."). The terms of these statutes preclude Petitioner from compelling initiation of removal proceedings by any means, including a writ of mandamus. *Amuah v. Napolitano*, No. 5:10-HC-2107-FL, 2011 WL 3664711, at *1 (E.D.N.C. Aug. 18, 2011); *see also Rivera v. U.S. Attorney General*, 2023 WL 4936732, at *2 (D.S.C. July 23, 2023) (dismissing writ of mandamus because petitioner ineligible to receive time credit as alien subject to deportation upon release from imprisonment).

Thus, the relief Petitioner seeks is unavailable and his objection is overruled.

## V.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Report and Recommendation (ECF No. 8 ) in full and dismisses Petitioner's writ of mandamus pursuant to 28 U.S.C. § 1361 without prejudice. (ECF No. 1).

IT IS SO ORDERED.

October 11, 2023                                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                                          United States District Judge